## TUMMINELLO *v.* TUMMINELLO

[No. 46, October Term, 1954.]

*Decided December 13, 1954.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON *and* HAMMOND, JJ.

*Arthur R. Padgett*, with whom was *Edwin J. Wolfe,* on the brief, for appellant.

*Samuel S. Smalkin*, with whom were *H. Beale Rollins* and *Ginsberg and Ginsberg*, on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The wife complains in this appeal that the alimony granted her in a suit for separate maintenance, and the allowance to her counsel, are inadequate. The husband did not appeal from the decree, so that the right to alimony is not before us—merely the amount.

The husband is a professional man, a physician, whose income subject to tax, after deduction of business expenses, is approximately $11,000 a year. The couple separated in 1939 and have been apart since. There were three daughters who remained with the wife in the home of the couple, owned as tenants by the entireties. The wife has lived in the home continuously. The eldest daughter has married and has her own home, and the middle child, who is eighteen, has graduated from secretarial school and now pays her own way, although she continues to live with her mother, as does the youngest girl, who is fourteen years old and still in school. Since the separation, the husband has sent the wife $35.00 a week and paid the taxes and ground rent on the home and the bill for electricity and gas, the latter being used for heating as well as cooking purposes. He has also paid directly, or reimbursed the wife for, the cost of the education and clothing of the girls.

The Chancellor found that the husband had deserted the wife. He gave custody of the two younger girls unto the mother, charging the cost of their education and clothing to their father, to be paid direct. He awarded the wife $150.00 a month permanent alimony, taking into account the fact that the expenses were being paid on the house in which she was living, as she was entitled to do, rent free. Well aware that in suit for separate maintenance or permanent alimony, the court may award

only a money decree,—*Hull v. Hull,* 201 Md. 225,—he did not order the payment of the expenses but indicated that as long as they continued to be paid, he felt the amount awarded would be sufficient. The fee given the solicitor for the wife for the case in the lower court was $350.00.

The parties come down the stretch to the appellate wire not far apart. The wife asks that she be awarded a periodic allowance in the total of all the items which the husband has been paying in the past. The amount paid out by him in 1953 was $3,831.51. This included the education and clothing of the older girl, now self-supporting, in the amount of some $800.00. The wife asks that he be ordered to pay her approximately $3,950.00 a year. The husband urges that we affirm the decree below, although in the past he has suggested, on several occasions, that if the wife would divorce him, he would be glad to make an adequate money allowance covering all of her needs.

In the past, except in the year 1953 when the wife balked, the husband and wife have filed a joint Federal income tax return, so as to take advantage of the savings which would thereby result. The wife's request for a lump sum award is made with full knowledge that the fingers of the tax collector will immediately be in her purse to take a substantial income tax from what is paid her.

We are not disposed to materially alter the holding of the Chancellor, although we think that it is the part of wisdom and a step towards eliminating frequent bickering, to direct the payment to the wife, in cash, of not only a reasonable allowance for herself, but also of the sum of the taxes, ground rent, heating costs and maintenance of the house in which she lives. The cost of the youngest child's education, clothing, incidentals and support should likewise be paid in cash to the mother, to be disbursed by her, rather than as has been done in the past. From 1939 until the institution of these proceedings before us, the allowance of $35.00 a week has

been accepted by the wife without real protest, although the purchasing power of the dollar has decreased. Taking into account that the 1939 allowance was to take care of the wife and three children and that now there are only the wife and one child, our estimate is that an allowance of $40.00 a week would presently be reasonable. The expenses of the house are approximately $680.00 a year, and with $10.00 a month added for minor maintenance and repairs, would come to $800.00 a year. Any major repairs will have to be dealt with as the necessity arises. The cost of the education and clothing of the youngest daughter was estimated at $500.00 a year. We think that an allowance of $900.00 for her education, clothing, incidentals and support is reasonable. The decree accounting from its original date should provide that the husband pay the wife $55.00 a week alimony and send her $75.00 a month for the stated uses of the youngest daughter. If cash allowances are to be made, this arrangement would seem to give to each the maximum net income after taxes. *Wolf, Income, Gift and Estate Tax Considerations in Marriage and Divorce*, 14 M. L. R. 3, 25-36. The court, of course, will retain jurisdiction so that as conditions change, any necessary adjustments can be made, either as to the wife or as to the child.

We find no error in the Chancellor's allowance for counsel fee.

> *Decree affirmed in part and reversed in part and case remanded for passage of a decree in conformity with this opinion, appellee to pay the costs.*